UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CEDRIC BARNETT and TIFFANY THOMAS-BARNETT, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   No. 21-1171-SHM-tmp |
| OFFICER NICHOLAS PHILLIPS, | ) ) ) |
| Defendant. | ) ) ) |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE;
DENYING PENDING MOTION (ECF NO. 14);
DISMISSING TIFFANY THOMAS-BARNETT AS A PARTY PURSUANT TO FED. R. CIV. P. 41(b);
DISMISSING THE CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING THE PLAINTIFFS OF THE APPELLATE FILING FEE; AND
RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE UNDER 28 U.S.C. § 1915(g)**

On November 1, 2021, Plaintiff Cedric Barnett ("Mr. Barnett") and Plaintiff Tiffany Thomas-Barnett ("Ms. Barnett") (collectively, the "Plaintiffs") filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On May 24, 2022, the Court denied Mr. Barnett's motion for leave to proceed *in forma pauperis* and ordered the Plaintiffs to submit their proportionate shares of the entire civil filing fee within twenty-one (21) days of the date of the May 24, 2022 Order. (ECF No. 13 (the "IFP Order").) On May 25, 2022, Mr. Barnett filed his third motion for appointment of counsel.

(ECF No. 14; *see also* ECF No. 12 (denying Mr. Barnett's first two motions for appointment of counsel).)

The Plaintiffs' non-compliance with the May 24, 2022 Order, and Ms. Thomas-Barnett's status as a party to the case, are before the Court.

**ANALYSIS**

    **I.**    **The Plaintiffs' Non-Compliance With The May 24, 2022 Order**

The Plaintiffs' deadline to submit either a properly completed *in forma pauperis* application or their proportionate shares of the civil filing fee expired on June 15, 2022.[1] The Plaintiffs did not submit properly completed *in forma pauperis* applications or their proportionate shares of the civil filing fee by the June 15, 2022 deadline. The Plaintiffs have not sought an extension of time to do so. (*See* ECF No. 13 at PageID 47 (granting the Plaintiffs fourteen (14) days after the date of the May 24, 2022 Order to move for an extension of time).) The May 24, 2022 Order warned the Plaintiffs that "[i]f either Plaintiff fails to timely comply with this Order, the Court may, without further notice, dismiss that Plaintiff as a party for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.*)

    **II.**    **Ms. Thomas-Barnett's Lack Of Standing As A Party To The Case**

The complaint's factual allegations under § 1983 arise from the conduct of Mr. Barnett's parole officer, Nicolas Phillips. (ECF No. 1 at PageID 2-3.) Neither the complaint, nor Mr. Barnett's and Ms. Thomas-Barnett's several filings in the case (ECF Nos. 4, 5, 8, 10, 11, 15, 16 & 17) demonstrate that Ms. Thomas-Barnett has standing to assert the claims in the complaint. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact –

---

[1] Fed. R. Civ. P. 6 explains how deadlines are computed when applying the Federal Rules of Civil Procedure. Saturdays, Sundays and legal holidays are not counted. Fed. R. Civ. P. 6(a)(1)(C). Memorial Day is defined as a "legal holiday." Fed. R. Civ. P. 6(a)(6)(A).

an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted).  "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted).  Unless a plaintiff suffered an actual injury, that plaintiff "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).  The complaint's allegations about Phillips's service as Mr. Barnett's parole officer do not demonstrate actual injury to Ms. Thomas-Barnett.  Mr. Barnett's June 2, 2022 letter to the Court supports this conclusion.  (*See* ECF No. 15 at PageID 51 (letter from Mr. Barnett contending that he, and not Ms. Thomas-Barnett, is "the victim" at issue in the case).)

### III.   Conclusion

For the above reasons:

A.   Ms. Thomas-Barnett is DISMISSED as a party to the case based on: (a) her failure to comply with the IFP Order; (b) her failure to prosecute, *see* Fed. R. Civ. P. 41(b); and (c) her lack of standing.  It is further ORDERED that Ms. Thomas-Barnett shall file no further pleadings in this action.  The Clerk of Court shall not accept for filing in this case any further pleadings from Ms. Thomas-Barnett until further order of this Court.  Any filings that Ms. Thomas-Barnett submits in the case after the date of this Order shall be DEEMED FILED ONLY FOR STATISTICAL PURPOSES;

B.   The Court DISMISSES the case WITH PREJUDICE in its entirety for the reasons discussed in the May 24, 2022 IFP Order.  *See* Fed. R. Civ. P. 41(b).  Judgment will be entered in accordance with that prior Order; and

C. Mr. Barnett's motion for appointment of counsel (ECF No. 14) is DENIED as moot.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that any appeal in this matter by the Plaintiffs would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If the Plaintiffs nevertheless choose to file a notice of appeal, the Plaintiffs must either (1) pay the entire $505 appellate filing fee or, if one or both of the Plaintiffs are confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of the confined Plaintiff's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

For § 1915(g) analysis of the Mr. Barnett's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike. *See* 28 U.S.C. § 1915(g); *see also Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

IT IS SO ORDERED, this 16th day of September, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE